Bernstein Litowitz Berger & Grossmann LLP
1251 Avenue of the Americas
New York, New York 10020
(212) 554-1400

Robbins Geller Rudman & Dowd LLP
One Montgomery Street, Suite 1800
San Francisco, California 94104
(415) 288-4545

August 9, 2018

**VIA EMAIL AND ECF**
The Honorable Richard J. Sullivan
United States District Court
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Kacouris v. Facebook, Inc.*, No. 1:18-cv-06765-RJS ("*Kacouris*");
*Helms v. Facebook, Inc.*, No. 1:18-cv-06774-PAE ("*Helms*")

Dear Judge Sullivan:

We represent the Public Employees' Retirement System of Mississippi ("Mississippi") and Amalgamated Bank, as Trustee for the LV LargeCap 1000 Growth Index Fund, LongView Quantitative LargeCap Fund, and LongView Quant LargeCap Equity VEBA Fund, ("Amalgamated," and together with Mississippi, "Lead Plaintiff"), which are the court-appointed Lead Plaintiff in the consolidated securities class action against Facebook, Inc. ("Facebook") pending in the Northern District of California before the Honorable Edward J. Davila. *In re Facebook, Inc. Sec. Litig.*, No. 5:18-cv-01725-EJD (N.D. Cal.), ECF No. 56 ("Facebook Securities Litigation"). Pursuant to Rule 2.A of Your Honor's Individual Rules and Practices, we write to respectfully request a pre-motion conference before Your Honor among the parties in the above-captioned actions, which are related to the Facebook Securities Litigation.

Specifically, as the court-appointed Lead Plaintiff, Mississippi and Amalgamated will move to intervene in the above-referenced actions and request that the Court transfer both cases to the Northern District of California to be consolidated with the existing Facebook Securities Litigation. Lead Plaintiff will also ask the Court to remedy the improper notice counsel for the plaintiffs in these actions published purporting to establish a "new" deadline for Facebook investors to seek appointment as lead plaintiff. The notice represents an improper end-run around the Private Securities Litigation Reform Act ("PSLRA"), undermines the Lead Plaintiff order that Judge Davila entered in the Facebook Securities Litigation, and threatens to cause significant prejudice to the class of investors that Mississippi and Amalgamated were appointed to represent.

The PSLRA establishes a procedure for the appointment of a lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B). To ensure that securities class actions are prosecuted efficiently under the sole leadership of that court-appointed lead plaintiff, the PSLRA requires related securities class actions to be promptly consolidated. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii). And, consistent with

The Honorable Richard J. Sullivan
August 9, 2018
Page 2

congressional intent to ensure a lead plaintiff is appointed "as soon as practicable," courts strictly enforce the PSLRA's lead plaintiff deadline.[1]

Here, the deadline to file motions seeking lead plaintiff appointment in the Facebook Securities Litigation passed on ***May 21, 2018***. Indeed, over 30 widely disseminated notices informed Facebook investors of the May 21 statutory deadline, and numerous investors filed timely motions. *In re Facebook, Inc. Sec. Litig.*, No. 5:18-cv-01725-EJD (N.D. Cal.), ECF Nos. 25, 28, 35, 39.[2] On August 3, 2018, Judge Davila consolidated all pending and subsequently filed related securities class actions against Facebook and appointed Mississippi and Amalgamated as Lead Plaintiff in the Facebook Securities Litigation. *Id.*, ECF No. 56.

More than two months after the May 21, 2018 statutory deadline expired, and one business day after Facebook disclosed additional facts concerning the fraud alleged in the Facebook Securities Litigation, the above-captioned *Helms* and *Kacouris* actions were filed in this District. These actions assert the ***same securities law claims*** against ***the exact same Defendants*** concerning the ***same types of misrepresentations*** during ***overlapping class periods*** as the Facebook Securities Litigation. Indeed, the above-captioned actions are almost singularly focused on Facebook's July 25, 2018 disclosures reporting financial results that Facebook admitted were driven by "data privacy" issues, and which led to a stock decline that observers uniformly tied to the "privacy scandal" at the heart of the Facebook Securities Litigation. Counsel in the above-captioned action—the same law firm that filed the first Facebook action in California and published the first PSLRA notice—also published a new notice that purports to restart the lead plaintiff appointment process, with a deadline of September 25, 2018 for Facebook investors to seek appointment.

This is improper. In nearly identical situations, courts in this District have repeatedly rejected efforts to restart the lead plaintiff appointment process or maintain separate related actions based on subsequent disclosures of the same fraud.[3] Here, the question is not even close: the

---

[1] *See Lax v. First Merchs. Accept. Corp.*, 1997 WL 461036, at *4 (N.D. Ill. Aug. 11, 1997); *Okla. Law Enf. Ret. Sys. v. Adeptus Health Inc.*, 2017 WL 3780164, at *3 (E.D. Tex. Aug. 31, 2017).

[2] Those movants included an investor group represented by the same law firm that filed *Kacouris*.

[3] *See, e.g.*, Order, *In re UBS AG Sec. Litig.*, No. 07-cv-11225-RJS, ECF No. 97 (S.D.N.Y. Apr. 7, 2009) (Sullivan, J.) (rejecting request to maintain separate class action based on new disclosures about tax fraud and consolidating action under leadership of previously appointed lead plaintiff in case focused on subprime); *In re Bank of Am. Corp. Sec., Deriv. & ERISA Litig.*, 2010 WL 1438980, at *2 (S.D.N.Y. Apr. 9, 2010) (Chin, J.) ("Permitting other plaintiffs to bring additional class actions now…would interfere with Lead Plaintiffs' ability and authority"); *In re Facebook, Inc. IPO Sec. & Deriv. Litig.*, 2013 WL 4399215, at *5 (S.D.N.Y. Aug. 13, 2013) (Sweet, J.) (rejecting separate class action as rendering "the PSLRA's lead plaintiff provisions meaningless"); Pretrial Order No. 9, at 1, *In re Lehman Bros. Sec., & ERISA Litig.*, No. 09-md-02017-LAK, ECF No. 86 (S.D.N.Y. Apr. 24, 2009) (Kaplan, J.) (rejecting argument to maintain separate action as "singularly unpersuasive"); Order, *In re Signet Jewelers Ltd. Sec. Litig.*, No. 1:16-cv-06728-JMF, ECF No. 100 (S.D.N.Y. Jan. 7, 2018) (Furman, J.) (requiring publication of corrected notice).

The Honorable Richard J. Sullivan
August 9, 2018
Page 3

above-captioned actions are based on disclosures revealing the fraud alleged in the Facebook Securities Litigation and a stock price decline that resulted from the very events that are at issue in the existing case.[4]

Following this precedent is particularly appropriate here given the intent of the PLSRA's lead plaintiff provisions. *See, e.g., In re Bank of Am. Corp. Sec., Deriv. & ERISA Litig.*, 2011 WL 4538428, at *2 (S.D.N.Y. Sept. 29, 2011). In this case, the same counsel that filed *Kacouris* and improperly published notice of a purportedly new lead plaintiff deadline also filed the original Facebook action in California and sought appointment as lead counsel on behalf of other clients in that case. It withdrew that application after recognizing that its clients lacked the "largest financial interest" and would not be appointed. Given this history, the filing of a new complaint against Facebook on behalf of a different client in a different jurisdiction smacks of gamesmanship, and runs directly contrary to the PSLRA.

Finally, Mississippi and Amalgamated also intend to ask this Court to transfer *Kacouris* and *Helms* to the Northern District of California—the District where the Facebook Securities Litigation is pending, where the Company is headquartered, and where almost all of the relevant evidence and important witnesses are located. *See* 28 U.S.C. § 1404(a); 15 U.S.C. § 78u-4(a)(3)(B)(ii). Transfer of these actions is compelled by the PSLRA, and would ensure the action is prosecuted in a coordinated fashion and overseen by Judge Davila, who has been presiding over the Facebook Securities Litigation since its inception.

We thank the Court for its attention to this matter and look forward to answering any questions Your Honor may have.

Respectfully submitted,

| BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP | ROBBINS GELLER RUDMAN & DOWD LLP |
|---|---|
| By: ___/s/ Gerald H. Silk___ | By: ___/s/ Dennis J. Herman___ |
| Gerald H. Silk | Dennis J. Herman |
| *Counsel for Mississippi and Co-Lead Counsel for the Class* | *Counsel for Amalgamated and Co-Lead Counsel for the Class* |

cc: The Honorable Paul A. Engelmayer
    John C. Browne
    All counsel of record

---

[4] Judge Davila has ordered Mississippi and Amalgamated to file their consolidated complaint by September 17, 2018—prior to the "new" lead plaintiff deadline in the improper notices issued by counsel in the above-captioned actions—and that complaint will cover the entire class period asserted in the above-captioned actions.